Samuel H. Park (SBN: 261136)
LAW OFFICE OF SAMUEL H. PARK, APC
374d Bergin Drive
Monterey, CA 93940
Phone: (831) 529-5955
Email: sam@sampark.lawyer

Attorney for Plaintiffs,
Raushanah Holland and J.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUSHANAH HOLLAND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>Defendants. | Case No. 5:22-cv-01409 SSS (SPx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[NOTE CHANGES MADE BY THE COURT TO SECTIONS 1, 7.2, 12.3]** |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery in this ACTION are likely to involve production of confidential, proprietary, private medical and mental health records, juvenile case files, and personnel records, for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted.

Accordingly, the PARTIES hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The PARTIES acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from

- 1 -

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The PARTIES further acknowledge that this Stipulated Protective Order does not entitle them to file CONFIDENTIAL INFORMATION under seal. PARTIES must comply with Local Rule 79-5, which sets forth the procedures that must be followed and the standards that will be applied when a PARTY seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT

Whereas, in the interests of facilitating discovery by the PARTIES litigating this ACTION and of protecting the PARTIES' and NON-PARTIES' CONFIDENTIAL INFORMATION from improper disclosure or use, Plaintiffs, Raushanah Holland and J.P. and Defendants, County of Riverside, Nancy Souza, Kathy Lowe, Amanda Robles, Evelia Garcia, Marie Julian, Michelle Morris-Kerin, Edward Kerin, and Lifeplan Children's Services, Inc. (collectively, "PARTIES") have agreed to provide access to relevant CONFIDENTIAL INFORMATION subject to the provisions set forth below;

Whereas, the PARTIES agree that certain documents that may be subject to the obligation to disclose or provide discovery may require an order from the court prior to production, such as juvenile case files;

Whereas, Plaintiffs and Defendants believe that juvenile case files and other CONFIDENTIAL INFORMATION are highly relevant to the instant ACTION, and there is a legitimate need for both Plaintiffs and Defendants to access such materials in presenting their case to this court; and

Upon good cause having been shown, the Court ORDERS, as follows:

## 3. DEFINITIONS

The following Definitions shall apply in this Stipulated Protective Order:

3.1 ACTION: The within matter, *Raushanah Holland, et al. v. County of Riverside*, case no. 5:22-cv-01409 SSS (SPx).

3.2 CONFIDENTIAL INFORMATION: Any and all documents containing confidential or highly sensitive information marked "Confidential" by any PARTY or entitled to confidentiality pursuant to the laws of the United States of America or any state thereof, including, but not limited to, (1) the juvenile case files for minors, Jeraie Cromartie, J.P., and Jerone Jenkins, as defined by California Rule of Court 5.552 and California Welfare & Institutions Code section 827; (2) juvenile case files relating to the investigation of allegations of suspected child abuse occurring in the foster care facilities of Defendants, Lifeplan Children's Services, Inc., Michelle Morris-Kerin, and Edward Lawrence Kerin; (3) law, enforcement records relating to the incidents described in Plaintiffs' Complaint, if any; (4) medical records of the Plaintiffs; (5) mental health records of the Plaintiffs; and (6) confidential personnel records maintained by a governmental or municipal agency.

3.3 COUNSEL: Outside counsel of record and other attorneys, paralegals, secretaries, and other support staff employed by the PARTIES: (1) Law Office of Samuel H. Park, APC; (2) Smith Law Offices, LLP; and (3) Brown & Charbonneu, LLP.

3.4. PARTY: A party to this ACTION, including its officers, directors, employees, consultants, retained experts, and their attorneys, including but not limited to, COUNSEL.

3.5. NON-PARTY: Any natural person, partnership, corporation, association, or other legal entity not named as a party to the ACTION.

3.6. EXPERT: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or its COUNSEL to serve as an expert witness or as a consultant in this ACTION.

3.7. PROFESSIONAL VENDORS: persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.8. DESIGNATING PARTY: a PARTY or NON-PARTY that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.9. CHALLENGING PARTY: A PARTY or NON-PARTY that challenges the designation of information or items as "CONFIDENTIAL."

**4. SCOPE**

The protections conferred by this Stipulated Protective Order cover CONFIDENTIAL INFORMATION and also (1) any information copied or extracted from CONFIDENTIAL INFORMATION; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL INFORMATION; and (3) any testimony, conversations, or presentations by PARTIES or their COUNSEL that might reveal CONFIDENTIAL INFORMATION obtained through disclosure or discovery in the ACTION.

Any use of CONFIDENTIAL INFORMATION at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of CONFIDENTIAL INFORMATION at trial.

/ / /

/ / /

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until the PARTIES agree otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this ACTION, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this ACTION, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING CONFIDENTIAL INFORMATION

**6.1 Exercise of Restraint and Care in Designating Material for Protection**. Each PARTY or NON-PARTY that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

CONFIDENTIAL INFORMATION shall be marked as "CONFIDENTIAL."  Any PARTY may designate material as "CONFIDENTIAL" only if, in the good faith belief of such PARTY and its COUNSEL, unrestricted disclosure of such information is invasive of the privacy rights of such PARTY or a NON-PARTY, or is prohibited by law or regulation. Any materials not expressly marked as "CONFIDENTIAL," or otherwise designated as CONFIDENTIAL by a PARTY pursuant to this order, shall be presumed to not be subject to this Stipulated Protective Order.

The DESIGNATING PARTY must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. If a DESIGNATING PARTY makes a designation of Confidentiality that the Court finds is clearly unjustified or was made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other PARTIES) the DESIGNATING PARTY may be subject to sanctions at the discretion of the Court. If it comes to a DESIGNATING PARTY's attention that information or items that it designated for protection do not qualify for protection, and the information or items do not qualify for protection, that DESIGNATING PARTY must promptly notify all other PARTIES that it is withdrawing the mistaken designation.

**6.2 Manner and Timing of Designations.** Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation of CONFIDENTIAL INFORMATION in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the producing PARTY affix the legend "CONFIDENTIAL" to each page that contains CONFIDENTIAL INFORMATION, which may be done by merely including in 14 point font or

- 6 -

more the words "CONFIDENTIAL" in a margin, footer, or header of a document.  If only a portion or portions of the material on a page qualifies for protection, the producing PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). In addition, at deposition, the DESIGNATING PARTY may designate on the record those exhibits or parts of exhibits containing CONFIDENTIAL INFORMATION.

(b) for information produced in some form other than documentary and for any other tangible items, the producing PARTY shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing PARTY, to the extent practicable, shall identify the protected portion(s).

(c) for testimony given in deposition or in other pretrial or trial proceedings, the DESIGNATING PARTY may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. The DESIGNATING PARTY shall also have the ability to make additional designations within fourteen (14) days after the transcript of the deposition is prepared by the court reporter and provided to the PARTIES in order to identify any additional CONFIDENTIAL deposition testimony that may have been missed. If such testimony is designated confidential, only that portion of the deposition will be separately bound and labeled as "CONFIDENTIAL." When there is oral testimony identifying a minor, the Court Reporter will be notified to remove any minor's name and replace it with initials in the transcript.

**6.3 Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not,

- 7 -

standing alone, waive the DESIGNATING PARTY's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the all PARTIES must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**7.1 Timing of Challenges**. Any PARTY or NON-PARTY may challenge a designation of confidentiality, at any time. Unless a prompt challenge to a DESIGNATING PARTY's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a PARTY does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**7.2 Meet and Confer**. The DESIGNATING PARTY and the CHALLENGING PARTY shall meet and confer in good faith to resolve any challenge to any "CONFIDENTIAL" designation. "Good faith" includes the obligation to present each other with the merits of their respective positions with the same candor, specificity, and support as during the briefing of motions. If the PARTIES are unable to informally resolve the matter, either PARTY may bring a motion concerning the challenge to confidentiality before the Court in compliance with Local Rule 37-2.

**7.3 Burden of Persuasion.** The burden of persuasion in any such challenge proceeding shall be on the DESIGNATING PARTY. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other PARTIES) may expose the CHALLENGING PARTY to sanctions. Unless the DESIGNATING PARTY

has waived or withdrawn the CONFIDENTIALITY designation, all PARTIES shall continue to afford the material in question the level of protection to which it is entitled under the designation until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

**8.1 Basic Principles**. PARTIES may use CONFIDENTIAL INFORMATION, that is disclosed or produced by another PARTY or by a NON-PARTY in connection with the ACTION, only for prosecuting, defending, or attempting to settle the ACTION. The procedures and limitations on filing CONFIDENTIAL INFORMATION are set forth in section 12.3 herein. Such CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. CONFIDENTIAL INFORMATION must be stored and maintained by all PARTIES and COUNSEL at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. When the litigation has been terminated, a receiving PARTY must comply with the provisions of section 13, below.

**8.2 Access to "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the DESIGNATING PARTY, a PARTY may disclose any information or item designated "CONFIDENTIAL" only to:

(a) PARTIES and/or PARTY Board members, principals, executives, or adjusters who are required to participate in policy decisions with reference to this ACTION;

(b) COUNSEL for any PARTY;

(c) Independent EXPERTS and stenographic and clerical employees associated with such EXPERTS. Prior to receiving any CONFIDENTIAL INFORMATION, the EXPERT must execute an agreement to be bound by the terms of this Protective Order (Exhibit A). COUNSEL retaining the EXPERT must retain executed copies of such agreements;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the ACTION to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the DESIGNATING PARTY or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL INFORMATION must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this ACTION.

(h) CONFIDENTIAL INFORMATION may also be disclosed to other persons if: (1) the PARTY or NON-PARTY making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the PARTY to whom CONFIDENTIAL

INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, in which event such PARTY shall comply with Section 9, below.

(i) Nothing in this Stipulated Protective Order shall (a) restrict any PARTY'S rights with respect to its/his/her own documents or information, (b) restrict any PARTY's right with regard to materials that have not been designated as CONFIDENTIAL, (c) prejudice any PARTY's rights to object to the production of documents or other information that it considers not subject to discovery, or (d) prejudice any PARTY'S right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order.

## 9. CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a PARTY is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this ACTION as "CONFIDENTIAL," that PARTY must:

(a) promptly notify in writing the DESIGNATING PARTY. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the DESIGNATING PARTY whose CONFIDENTIAL INFORMATION may be affected. If the DESIGNATING PARTY timely

seeks a protective order, the PARTY served with the subpoena or court order shall not produce any information designated in this ACTION as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the PARTY has obtained the DESIGNATING PARTY's permission. The DESIGNATING PARTY shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a PARTY in this ACTION to disobey a lawful directive from another court.

## 10. INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

If a PARTY learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION it received to any person or in any circumstance not authorized under this Stipulated Protective Order, such PARTY must immediately (a) notify in writing the DESIGNATING PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE CONFIDENTIAL INFORMATION

When a producing PARTY gives notice to the other PARTIES that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the PARTIES are those set forth in Federal

Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the PARTIES reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the PARTIES may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

**12.1 Right to Further Relief**. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

**12.2 Right to Assert Other Objections**. By stipulating to the entry of this Stipulated Protective Order no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3 Filing CONFIDENTIAL INFORMATION**. Without written permission from the DESIGNATING PARTY or a court order secured after appropriate notice to all interested persons, a PARTY may not file in the public record in this ACTION any CONFIDENTIAL INFORMATION. A PARTY that seeks to file under seal any CONFIDENTIAL INFORMATION must comply with Local Rule 79-5. CONFIDENTIAL INFORMATION may only be filed under seal pursuant to a court order authorizing the sealing of the specific CONFIDENTIAL INFORMATION at issue.

**12.4. Modification**. This Stipulated Protective Order may be modified by agreement of the PARTIES, subject to approval by the Court. The Court may also, on its own motion and at any time during the pendency of the ACTION, modify the terms and conditions of this Stipulated Protective Order for good cause or in the interest of justice.

**12.5. Binding Effect.** After termination of this ACTION, the provisions of this Stipulated Protective Order shall continue to be binding, except with respect to those documents that may have become a matter of public record. This Court retains and shall have continuing jurisdiction over the PARTIES and recipients of materials designated as "CONFIDENTIAL" for enforcement of the provisions of this Stipulated Protective Order following termination of this litigation.

**12.6. Loss of Confidentiality.** The restrictions and obligations set forth within this Stipulated Protective Order will not apply to any information and/or material that: (a) the PARTIES agree should not be designated CONFIDENTIAL; (b) is already public knowledge; or (c) the PARTIES agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Stipulated Protective Order.

**13. TERMINATION**

Within sixty (60) days of the final termination of this ACTION, including any and all appeals, COUNSEL for each receiving PARTY must delete all CONFIDENTIAL INFORMATION from their computers and data storage devices all machine-readable media on which it resides and must either (a) return all CONFIDENTIAL INFORMATION to the PARTY that produced the MATERIAL, including any copies, excerpts, and summaries of

- 14 -

STIPULATED PROTECTIVE ORDER
*Holland, et al. v. County of Riverside, et al.*
5:22-cv-01409 SSS (SPx)

that information, or (b) destroy same. With respect to paper copies, return or destruction of CONFIDENTIAL INFORMATION is at the option of the producing PARTY. COUNSEL must confirm in writing to all PARTIES that the CONFIDENTIAL INFORMATION has been purged or destroyed.

     Notwithstanding the foregoing, COUNSEL for each PARTY may retain all unsealed pleadings, briefs, memoranda, motions, trial, deposition, and hearing transcripts legal memoranda, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product and other unsealed documents filed with the Court that refer to or incorporate CONFIDENTIAL INFORMATION, and will continue to be bound by this Stipulated Protective Order with respect to all such retained CONFIDENTIAL INFORMATION, after the conclusion of this litigation. Further, counsel for Plaintiffs may retain certain CONFIDENTIAL INFORMATION, such as their client's medical records that he or she would otherwise be legally entitled to retain. Finally, attorney work product that contains CONFIDENTIAL INFORMATION need not be destroyed, but, if it is not destroyed, the person in possession of the attorney work product will continue to be bound by this Stipulated Protective Order with respect to all such retained INFORMATION, after the conclusion of this litigation.

/ / /

/ / /

/ / /

**13.5. Violation.** Any violation of this Stipulated Protective Order may be addressed by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated: 3/3/2023        LAW OFFICE OF SAMUEL H. PARK, APC

By: /s Samuel H. Park
Samuel H. Park,
Attorney for All Plaintiffs

Dated: 3/3/2023        LAW OFFICES OF SHAWN A. MCMILLAN, APC

By: Shawn A. McMillan
Shawn A. McMillan,
Attorney for All Plaintiffs

Dated: 3/3/2023        SMITH LAW OFFICES, LLP

By: /s/ Julian V. Lee
Douglas C. Smith,
Julian V. Lee,
Attorneys for County of Riverside,
Nancy Souza, Kathy Lowe, Amanda
Robles, Evelia Garcia, and Marie Julian

Dated: 3/3/2023    By: /s/ Michelle Morris-Kerin
Michelle Morris-Kerin

Dated: 3/3/2023    By: /s/ Michelle Morris-Kerin
Michelle Morris-Kerin, CEO
Lifeplan Children's Services, Inc.

- 16 -

1
2
3  Dated: 3/3/2023     By:  /s/ Edward Lawrence Kerin
4                                  Edward Lawrence Kerin
5
6  **FINDING GOOD CAUSE, IT IS SO ORDERED.**
7
8  Dated: March 10, 2023
   _____
9  Hon. Sheri Pym
   UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I _____ [print or type full name] of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the foregoing Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Holland, et al. v. County of Riverside, et al.*, case no. 5:22-cv-01409 SSS (SPx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____